UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 1:24-cv-00220

LUCAS CRANOR and BRITANY CRANOR,
    Plaintiffs,

v.

LEXISNEXIS RISK SOLUTIONS, INC.,
    Defendant.

# COMPLAINT

1. Plaintiffs Britany and Lucas Cranor are individuals who reside in Castle Rock, CO.

2. Defendant LexisNexis Risk Solutions Inc is a GA corporation located at 1000 Alderman Dr, ALPHARETTA, GA 30005.

3. In mid to late June 2023, the Plaintiffs applied for personal auto insurance with Travelers, and they were denied insurance due to their claims history. Travelers referred Plaintiffs to Defendant to obtain copies of their C.L.U.E. reports.

4. Defendant maintains "C.L.U.E. Reports" on individuals, which Defendant describes as "LexisNexis® C.L.U.E.® Auto is a claim history information exchange containing up to seven years of personal automobile claims matching the search criteria submitted by the inquiring insurance company. More than 99 percent of insurers writing automobile coverage provide claims data to the C.L.U.E. Auto database. Benefits:

    - Helps speed the underwriting function by providing quick and easy access to comprehensive data.

    - Helps reduce risk and liability by assisting the underwriter in predicting future claims.

- C.L.U.E. Auto helps insurers and agents make immediate business decisions.

Features:

- Data provided in LexisNexis® C.L.U.E.® Auto reports includes policy information, such as name, date of birth and policy number; claim information, such as date of loss, type of loss and amounts paid; and vehicle information.
- More than 99 percent of insurers writing automobile coverage provide claims data to the C.L.U.E. Auto database.
- Multiple delivery systems allow customers to receive results in a timely and reliable fashion.

https://risk.lexisnexis.com/products/clue-auto

5. The C.L.U.E. Report is a consumer report as defined in 15 U.S.C. 1681a(d) because it is a report bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes.

6. In or around early 2023, Plaintiffs noticed that Defendant was reported a host of false information about them on their CLUE report.

7. For claim 0631B578N220226, Defendant falsely reported that Plaintiff Lucas had opened up a claim for property damage, when in reality, Plaintiff Lucas had been rear ended, the other driver was 100% at fault.  Plaintiff Lucas opened up a claim for Medpay with State Farm, not property damage or collision, which was being paid by the at fault driver.

8. Defendant reported claim 0638H968W220226, which was opened by Barb at State Farm in error and should not have been opened.

9. Defendant reported claim 0642T869221114 as $96,058, which Plaintiff Lucas believes was misleading because the original claim was around $20,000 after Plaintiff collided with a deer.  State Farm sent Plaintiff to a Select Repair Facility, who did such a horrible job repairing the truck that it then had to be totaled out.

10. Defendant reported a hail claim from 2023 without noting that it was a catastrophe, which painted a misleading picture that the hailstorm was Plaintiff's fault.

11. Plaintiffs disputed the inaccurate information, along with other inaccurate information concerning various windshield claims to Defendant, which is attached as Ex. 1.  (L. Cranor letter 1 docs) and Ex. 2 (Brittany docs, p.17-21).  Plaintiffs incurred over $32 in mailing expenses to send the letters, and records of the post office indicate Defendant received them on July 13, 2023. Plaintiffs also requested that Defendant add a personal statement of dispute to their reports as authorized by 15 U.S.C. 1681i.

12. On July 24, 2023, Plaintiff Lucas called Lexis and they confirmed that they had received the dispute him and his wife sent in.  Plaintiff Brittany also got on the call for a moment to authenticate her identity and gave Defendant permission to speak to her husband on her behalf.

13. On July 28, 2023, Plaintiff Lucas had a phone call w/ State Farm and spoke with Lisa Grabill who said she was responsible for investigating disputes from Lexis Nexis on State Farm's behalf.  She told him that Lexis did not send them his dispute letter and instead provided only a vague notice that said that he was claiming inaccurate information or language to that effect.

14. Plaintiff Lucas also made multiple follow up phone calls to Lexis to further explain his dispute and add a personal statement in the summer and fall of 2023.

15. On August 10, 2023, Defendant sent Plaintiffs form letter claiming that it could not authenticate their identity, and requested that they send in copies of various identification documents such as ID, SSN, utility bill, etc.

16. On August 18, 2023, Plaintiffs sent in the identification documents to Defendant as requested and incurred over $11 in postage costs.

17. That same day, Plaintiffs sent in another dispute and request to add consumer statements to Defendant since their first dispute and request to add consumer statement was never properly responded to, and the only response Plaintiffs received was a form letter saying they couldn't process their request.  For their 2nd dispute letter, Plaintiffs incurred over $13 in postage costs.

18. On August 22, 2023, Defendant sent a letter to Plaintiff Britany which informed her that Defendant was not making any changes to her report, and that they had "verified" all the information as being accurate.  Not only that, but Defendant did not add the personal statement of disputes requested by Plaintiffs to either of their reports.

19. On September 2, 2023, Defendant sent Plaintiff Lucas a letter saying they were unable to investigate his dispute because they could not confirm his identity, even though Plaintiff Lucas has already sent Defendant this same information requested on August 18, 2023, and records of the post office indicate it was delivered on August 27, 2023.

20. On September 8, 2023, Plaintiff Lucas had a call with Defendant, who falsely told him they had not received his dispute and documents on August 27, even though Plaintiff had a tracking number.

21. On September 13, 2023, Plaintiff Lucas called Defendant and authenticated his identity.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

22. Defendant negligently and willfully violated the FCRA, 15 U.S.C. 1681i, in the following ways: failing to perform reasonable re-investigations into Plaintiffs' disputes; failing to forward all relevant information to the furnisher; failing or notify Plaintiffs of the results of any reinvestigation; failing to allow the Plaintiffs to add a consumer dispute and falsely telling them that only the insurance companies can do that; failing to review and consider all relevant information received from the Plaintiffs; failing to delete inaccurate information after it could not be verified.

23. Defendants' violations of the FCRA caused Plaintiffs actual damages, including hours of wasted time on the phone, postage costs and expenses, inconvenience, frustration, inaccurate credit rating, and emotional distress.

WHEFORE, Plaintiffs pray for the following relief:
a. Actual damages to be determined at trial;
b. Punitive damages and statutory damages to be determined at trial;
c. Reasonable attorney fees and costs;
d. For such other relief as may be proper.

s/ Matthew R. Osborne
Matthew R. Osborne #40835
Thomas Crowley #51710
RAMOS LAW
10190 Bannock St., Suite 200
Northglenn, CO 80260
Phone Number: 303.733.6353
E-mail: mosborne@ramoslaw.com
        tcrowley@ramoslaw.com

*Attorneys for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**